IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Brandon Emanuel Butler, | ) | Civil Action No.: 4:10-cv-03023-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Brad Bazen, *SLED Agent*; Rollins Rhodes, | ) | |
| *SLED Agent*; Inv. Joseph Cooper; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the United States Penitentiary in Lee County, Virginia. This matter is now before the court with the [Docket Entry 19] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges[1] filed on April 21, 2011. In her R & R, the Magistrate Judge recommended that the court should dismiss Plaintiff's [Docket Entry 1] Complaint without prejudice. Plaintiff timely filed objections to the R & R. *See* Obj. [Docket Entry 21].

### **Background**

Plaintiff alleges that he was arrested on July 8, 2008, "for distribution of crack cocaine to a confidential informant for Florence County Sheriff Department." Compl. Form [Docket Entry 1-3] at 3. Plaintiff claims that no Miranda warnings were given during the arrest and that the police officers informed Plaintiff he was under arrest for "failure to appear." *Id.* Plaintiff further claims that the police indicated to Plaintiff that they had a search warrant for his home, and then the police transported Plaintiff the 2 ½ blocks from the location of the arrest to his residence. Compl. at 3.

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

Plaintiff alleges that he requested to see the search warrant "several times," but that Officer Bazen refused to present the warrant. Compl. Form at 3. Once everyone arrived at Plaintiff's residence, Plaintiff alleges he was retained in the police vehicle while the officers began "cuffing" the occupants in the house. *Id.* Plaintiff was then taken into the residence while the officers commenced the search. *Id.* When Plaintiff questioned the officers' actions, Plaintiff claims that Officer Rhodes stated they "[w]ere looking for Dope and money." *Id.* Plaintiff's mother allegedly arrived shortly thereafter and also requested to see the search warrant, but was escorted outside by the police. *Id.* At that time, Plaintiff alleges that he again asked to see the search warrant, but that Inv. Cooper replied "Your [sic] gonna make us take everybody in here to jail." *Id.* After Plaintiff and his mother again asked to see the search warrant, Inv. Cooper allegedly told Plaintiff to "be quiet" before they took his mother to jail. *Id.*

Plaintiff states that the police thereafter took him into a separate room, where Officer Bazen allegedly told him to help his family by telling the officers the location of anything illegal in the home. *Id.* at 3-4. Plaintiff contends that this "led to the discovery of the gun in a bag by itself under the couch." *Id.* at 4. Plaintiff further contends that "[t]here was no way to determine whether officers were functioning under authority of a valid search warrant," because he did not see a copy of the warrant until March 16, 2008. *Id.* For relief, Plaintiff seeks "whatever the proper remedy may be for the violation of a Constitutional right." *Id.* at 5.

The charges stemming from the above-incident were brought before this court in *United States v. Brandon Emanuel Butler*, Cr. No. 4:09-74-TLW (D.S.C. 2009)[2] ("Criminal Action"). In

---

[2] The court may take judicial notice of its own records in Plaintiff's prior case. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (internal quotations and citations omitted);

that Criminal Action, Plaintiff ultimately pled guilty to Counts One and Six of the Indictment. *See* Guilty Plea [Docket Entry 47], Criminal Action; *see also* Indict. [Docket Entry 2], Criminal Action. Count One charged Plaintiff with conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine. *See* Indict. at 1, Criminal Action. Count Six charged Plaintiff with possessing, "in or around July 2008," a firearm in furtherance of a drug trafficking crime. *See id.* at 3. Plaintiff entered his guilty plea in that Criminal Action on September 2, 2009. The trial court sentenced Plaintiff to a 60-month term of imprisonment for each count, to be served consecutively. *See* Judgment [Docket Entry 55], Criminal Action. Plaintiff filed a direct appeal of his conviction and sentence, which the Fourth Circuit affirmed on January 3, 2011. *See United States v. Butler*, 406 F. App'x 756 (4th Cir. 2011). During his direct appeal, Plaintiff also filed a motion to vacate under 28 U.S.C. § 2255, which was dismissed without prejudice on December 7, 2010. *See* Dec. 7 Order [Docket Entry 86], Criminal Action. Plaintiff then filed an appeal of that Order. The Fourth Circuit dismissed that appeal on April 6, 2011. *See United States v. Butler*, No. 11-6161, 2011 WL 1296021 (4th Cir. April 6, 2011).

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

---

*Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that "[t]he District Court clearly had the right to take notice of its own files and records").

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In the instant § 1983 action, Plaintiff seeks "proper remedy" for a violation of his constitutional rights that allegedly occurred during the search and seizure that resulted in his conviction. The Magistrate Judge found that the action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and therefore should be dismissed. *See* R & R at 6-7. In his Objections, Plaintiff argues that this action should not be barred by *Heck*, because he is challenging only the search and seizure which would "not necessarily imply the invalidity of [the] conviction." Obj. at 2. Upon review, the court finds that Plaintiff's action is barred under *Heck*.

In *Heck*, the petitioner was convicted of voluntary manslaughter in state court, and while he was incarcerated, he filed a § 1983 action against police and prosecutors, alleging unlawful acts leading to his arrest and conviction, and seeking monetary damages. *See Heck*, 512 U.S. at 478-79. In analyzing the relationship between federal habeas corpus proceedings and § 1983 actions, the United States Supreme Court observed the following: "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments

applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." *Id.* at 486. Accordingly, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. The Supreme Court then set forth the following test to be applied in § 1983 damages suits: "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

More recently, in *Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003), the Fourth Circuit analyzed how the holding in *Heck* applies to a § 1983 action in which a petitioner seeks monetary relief from an allegedly unreasonable search and seizure that led to his arrest and conviction. In *Ballenger*, the Fourth Circuit held as follows:

> When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would *necessarily* invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983.

*Id.* at 846. Thus, such a § 1983 action can proceed "only when the suppression of the evidence required by logical application of the § 1983 judgment would *not necessarily* invalidate the underlying conviction." *Id.* In *Ballenger*, the Fourth Circuit determined that "[t]he cocaine seized

was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict Ballenger for drug trafficking." *Id.* at 846-47. Accordingly, because "the suppression of the evidence seized pursuant to the challenged search . . . would [have] *necessarily* impl[ied] invalidity of the criminal conviction," the Fourth Circuit dismissed Ballenger's claim as barred under *Heck*. *Id.*

Here, the situation is no different than that presented in *Ballenger*. Plaintiff alleges in his Complaint that he was arrested for "distribution of controlled substances to a confidential informant" and then was "transported 2 ½ blocks back to [his] residence to have a search executed." Compl. at 3. Plaintiff further alleges that the police repeatedly refused to show Plaintiff a search warrant, and that the police threatened to take his family to jail if he failed cooperate. *Id.* Plaintiff contends that, after the threats, he informed the police about the location of the gun. Plaintiff now argues that the search and seizure were illegal and that "[t]he discovery of the gun was in fact the product of inherently coercive police tactics." *Id.* at 3-5. Plaintiff was ultimately convicted for both drug conspiracy and possession of a firearm in furtherance of a drug trafficking crime that occurred "in or around July 2008." In this § 1983 action, Plaintiff seeks relief for the alleged unlawful search that led to discovery and seizure of the firearm in 2008. The court notes, however, that neither of those convictions–the drug conspiracy or the firearm possession–have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Therefore, in accordance with *Heck*, the court must determine whether a decision favorable to Plaintiff in this § 1983 action would necessarily imply the invalidity of Plaintiff's conviction; the court finds that it would.

If Plaintiff was to succeed in demonstrating in this § 1983 action that the search and seizure was illegal, the illegality of the search would require the suppression of the evidence seized–the firearm. Based on Plaintiff's allegations regarding the search, it appears that the firearm seized was "uniquely available" from the alleged illegal and coercive search, and therefore, "if it were suppressed . . . there would be no evidence to convict" Plaintiff of possessing the firearm. *Ballenger*, 352 F.3d at 847. Plaintiff has *not* asserted any arguments as to how the government could have convicted him of possessing the firearm in furtherance of a drug trafficking crime if the search and ultimate seizure of the firearm were found to be illegal. Rather, he appears to argue only that, regardless of the firearm conviction, he "would still be convicted under Count one of the indictment"–drug conspiracy.[3] Obj. at 2. While Plaintiff is correct in arguing that suppression of the firearm would not affect his drug conspiracy conviction, he has failed to show the court that his firearm conviction, which is a separate conviction, would not be invalidated. Accordingly, the court concludes that a judgment in favor of Plaintiff in this action would necessarily imply invalidity of his firearm conviction.

In sum, because Plaintiff's firearm conviction has not been invalidated in a previous action, and a decision in Plaintiff's favor in this § 1983 action would necessarily invalidate the same, Plaintiff's suit is barred by *Heck*.

## **Conclusion**

For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R.

---

[3] In addition, Plaintiff similarly argued that "the inevitable discovery of [his] intent to distribute cocaine base would have still lead [sic] to [his] conviction." Obj. at 2.

Accordingly, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

      **IT IS SO ORDERED**.

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
June 13, 2011